[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff's motion alleges in Count Two reckless conduct, and in Count One a violation of Connecticut General Statutes Sec. 30-102, the Dram Shop Act.
Paragraph 9 of Count Two alleges that the defendants' deaths were caused by the wanton and reckless misconduct of the defendants, in six specific ways. Paragraph 13 of Count One alleges that the decedent's injuries damages and death were in consequence of the intoxication of the automobile operator Robert Romano.
The defendants, in their answer, have denied the allegations of proximate cause, and have denied the allegation of "in consequence", which is an assertion of proximate cause.
The defendant then pleads as a First Special Defense to Counts I and II that "said injuries or damages were proximately caused by the carelessness and negligence of third persons. The plaintiff moves to strike this "special defense" as pertains to both counts.
Practice Book 164 provides "No facts may be proved under either a general or a special denial except as shown that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of actin must be specially alleged."
At common law the negligence of a third person which contributed to injuries sustained by a party would not be a defense, in whole or in part, to claims against a defendant whose negligence was a proximate cause of those injuries. There was no contribution allowed amongst joint tortfeasors. Hence, the special defense sought to be asserted herein would not set forth a proposition that is CT Page 5496-TTT"consistent with" the plaintiffs claims of proximate cause by virtue of the defendant's activity in causing the injuries. The pleading is nothing more than an elaboration of the defendants' denial, in their answer, that the defendants' activity, as pleaded by the plaintiff, was a proximate cause of the plaintiff's injuries. In effect the pleading is in essence a statement that the plaintiff will be unable to prove that the defendants' activity was a proximate cause of the injuries, and hence cannot possibly be considered to be "consistent with" the plaintiff's claims of proximate cause, as against the defendants. PB-104.
The plaintiffs' claims to not set forth causes of action in negligence in the first or in the second count of the complaint. General Statutes 52-572h allows the defendant to allege the negligence of other parties to the action — either original or impleaded parties — for the purpose of apportioning liability in negligence actions.
The defendants concede, on page 5 of their brief submitted for the purposes of opposing this motion to strike, that "defendants' First Special Defense does not seek to apportion liability against some other tortfeasor". This concession appears to be well taken, for even if the first or second count of the complaint were to be interpreted as negligence actions, yet Public Act 95-111 does not allow for the naming of unidentified persons, who are not parties to the action and are not persons who have been released or settled, to be considered for apportionment purposes.
The ruling on this motion does not prevent or impede the defendants from producing evidence at trial to demonstrate that the injuries sustained by the plaintiffs were proximately caused solely by some other factor or factors, rather than by any pleaded activity of the defendants, in defense of the plaintiffs' claims that the activity of the defendant was a proximate cause of the defendants' injuries.
The motion to strike the first special defense of the defendants is granted.
L. Paul Sullivan, J. CT Page 5496-UUU